UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEAN COMBS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-327-WTL-MJD |
| ) | |
| JUDGE JAMES KLEOPFER, ) | |
| ROGER DUVALL, SCOTT CIRCUIT COURT, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied** as presented. The plaintiff shall have **through September 22, 2016**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a certificate of his inmate trust account (or institutional equivalent) during the 6-month period preceding the filing of the complaint on August 19, 2016.

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff's alleges the defendant, Scott Circuit Court Judge James Kleopfer, found him guilty of a Class A felony burglary despite knowing the plaintiff did not commit the crime.

This, he alleges, is a violation of the Sixth, Eighth, and Fourteenth Amendments. The plaintiff seeks monetary relief.

### III. Insufficient Claims

The plaintiff's claim arises out of events associated with his prosecution and conviction by an Indiana state court. The defendants are Scott Circuit Court Judge James Kleopfer and Scott Circuit Court employee Roger Duvall.

**Judge James Kleopfer**

It is a well-established principle that judges are immune from civil suits arising out of the exercise of their judicial function. *See Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Id*. at 11-12. In the instant action, the complaint challenges the plaintiff's state court criminal conviction for a Class A felony. The administration of a state criminal proceeding is completely within the scope of a judge's official capacity. Therefore, Judge James Kleopfer is immune from this suit.

Additionally, the plaintiff is challenging the validity of his conviction. This would impugn the validity of his continued confinement, which in turn triggers the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to Heck). "[U]nder Heck, a § 1983 claim for damages is not cognizable (i.e. does not accrue) if a judgment in favor of the plaintiff on that claim 'would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.'" *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896-97 (7th

Cir. 2001)(citing *Heck*, 512 U.S. at 487). The plaintiff's claim against Judge Kleopfer is **dismissed for failure to state a claim** upon which relief may be granted.

### Roger Duvall

Other than naming him in the caption, the plaintiff has not set forth any allegations against defendant Roger Duvall. In fact, other than the caption, his name does not appear in the complaint.

In order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to 42 U.S.C. § 1983, an individual must have personally participated in the alleged constitutional deprivation. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000). The plaintiff does not allege that any Roger Duvall had personal responsibility for any alleged misconduct. *Steidl v. Gramley,* 151 F.3d 739 (7th Cir. 1998); *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997). Accordingly, this claim must be **dismissed for failure to state a claim** upon which relief may be granted.

The plaintiff shall have **through September 22, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 8/29/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEAN COMBS
#882800
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838